Nicole C. Hancock, ISB # 6899
*nicole.hancock@stoel.com*
Anna E. Courtney, ISB # 9279
*anna.courtney@stoel.com*
STOEL RIVES LLP
101 S. Capitol Boulevard, Suite 1900
Boise, ID 83702
Telephone: (208) 389-9000
Facsimile: (208) 389-9040

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOL Finance Co.,<br><br>Plaintiff,<br><br>v.<br><br>Choice Cattle, LLC, Paul L. Mikelson, Kelly L. Mikelson, Douglas D. Mikelson, Manning's Beef, LLC and Dwight G. Mebane,<br><br>Defendants. | Case No.<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

For its Complaint against Defendants, Plaintiff states and alleges as follows:

**PARTIES, JURISDICTION AND VENUE**

1. Plaintiff LOL Finance Co. ("LOLFC") is a Minnesota corporation with its principal place of business located in Arden Hills, Minnesota. Under 28 U.S.C. § 1332(c)(1), LOLFC is a citizen of the State of Minnesota.

2. Defendant Choice Cattle, LLC is an Idaho limited liability company. The members of Defendant Choice Cattle, LLC are Defendants Paul L. Mikelson and Kelly L. Mikelson, both of whom are citizens of the State of Idaho. Because its members are citizens of the State of Idaho, Defendant Choice Cattle, LLC is also a citizen of the State of Idaho.

3. Defendant Paul L. Mikelson is a citizen of the State of Idaho currently residing in Homedale, Owyhee County, Idaho.

4. Defendant Kelly L. Mikelson is a citizen of the State of Idaho currently residing in Homedale, Owyhee County, Idaho.

5. Defendant Douglas D. Mikelson is a citizen of the State of Idaho currently residing in Wilder, Canyon County, Idaho.

6. Defendant Manning's Beef, LLC is a California limited liability company. The sole member of Manning's Beef, LLC is Anthony Di Maria. Mr. Di Maria is a citizen of the State of California currently residing, upon information and belief, in Pico Rivera, California.

7. Defendant Dwight G. Mebane is a citizen of the State of California currently residing, upon information and belief, in Woody, California.

8. Defendants John Doe and ABC Company are presently unidentified persons and business entities who and which have conspired with and/or aided, abetted or assisted the named Defendants in perpetrating the acts of conversion described in this Complaint. Upon ascertaining their identities, LOLFC will duly join these persons and business entities as additional defendants in this case.

9. The amount in controversy in this case, exclusive of costs and interest, exceeds the sum of $75,000.00.

10. The Court has subject matter jurisdiction over this case under 28 U.S.C. § 1332(a) based upon the complete diversity of citizenship between LOLFC and Defendants and the fact that the amount in controversy, exclusive of costs and interest, exceeds the sum of $75,000.00.

11. The Court has personal jurisdiction over Defendants under Idaho Code § 5-514 and the due-process requirements of the United States Constitution.

12. Venue is proper in this judicial district under 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

### A. Line of Credit.

13. LOLFC is engaged in the business of providing financing to agricultural businesses and producers, including cattle producers.

14. Defendants Paul L. Mikelson and Kelly L. Mikelson and their company, Defendant Choice Cattle, LLC (collectively "Borrowers"), are or were engaged in the business of raising cattle.

15. In March 2018, LOLFC agreed to provide Borrowers with a line of credit in the principal amount of $1,450,000.00 to purchase and raise cattle ("Line of Credit"). To implement the Line of Credit, Borrowers executed and delivered to LOLFC a Business Loan Agreement and Promissory Note dated March 21, 2018, under which they jointly and severally promised to pay LOLFC the principal sum of $1,450,000.00, plus interest at the rate of 6.450% per year, on demand or, in the event no demand was made, pursuant to a payment schedule that required quarterly payments of interest beginning on June 15, 2018, and payment of all remaining principal and interest on or before March 1, 2019. True and correct copies of the Business Loan Agreement and Promissory Note are attached to this Complaint as Exhibits A and B, respectively.

**B. Security.**

16. The Line of Credit is secured by a Commercial Security Agreement dated December 22, 2014, under which Borrowers granted LOLFC a security interest in certain assets owned or acquired by Borrowers, including all cattle and all products and additions to such cattle; feed and grain inventories used to feed such cattle; futures contracts and hedging accounts relating to such cattle; accounts and contract rights relating to such cattle; all equities and patronage credits; and all products of and proceeds from the foregoing assets (collectively "the Collateral"). A true and correct copy of the Commercial Security Agreement is attached to this Complaint as Exhibit C.

17. LOLFC properly perfected its security interest in the Collateral by filing appropriate financing statements with the Idaho Secretary of State. A true and correct copy of a UCC Financing Statement that LOLFC filed with the Idaho Secretary of State on January 2, 2015, as File No. B 2015-1150285-6 is attached to this Complaint as Exhibit D. A true and correct copy of a Farm Products Financing Statement that LOLFC filed with the Idaho Secretary of State on January 20, 2015, as File No. F 87192 is attached to this Complaint as Exhibit E.

**C. Default.**

18. Borrowers defaulted on their contractual obligations to LOLFC under the Line of Credit and related contracts by, among other things, the following:

a. Failing to make the quarterly interest payment due on December 1, 2018;

b. Failing to pay all remaining principal and interest due under the Line of Credit on or before March 1, 2019;

c. Failing to maintain the minimum level of equity required under Borrowers' borrowing base;

d. Failing to provide LOLFC with accurate and timely information regarding the Collateral; and

e. Converting the Collateral.

19. By letter dated February 22, 2019, LOLFC notified Borrowers of their defaults, accelerated all principal and interest due under the Line of Credit and demanded full payment of all amounts due under the Line of Credit from Borrowers.

20. As of April 8, 2019, the following sums were due to LOLFC under the Line of Credit:

| Item | Amount |
| --- | --- |
| Principal | $ 982,962.00 |
| Interest | $ 55,890.58 |
| Total | $ 1,038,852.58 |

21. Interest has accrued on the principal balance due under the Line of Credit since April 8, 2019, and will continue to accrue in the future, at the rate of $195.25 per day.

22. Under the terms of the Business Loan Agreements, Promissory Note and Commercial Security Agreement, LOLFC is entitled to recover all of its attorney fees and costs incurred in collecting the amounts due under the Line of Credit.

23. LOLFC has incurred and will continue to incur attorney fees and costs in connection with the collection of the amounts due under the Line of Credit.

24. LOLFC has satisfied all conditions to the commencement of this action.

**COUNT I**
**BREACH OF CONTRACT**

LOLFC restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

25. Borrowers breached their contractual obligations to LOLFC under the Line of Credit and related contracts and instruments.

26. As a result of Borrowers' breaches of contract, LOLFC is entitled to recover damages from Borrowers, jointly and severally, in the amount of $1,038,852.58, plus additional interest in the amount of $195.25 per day from April 8, 2019, through the date of entry of judgment.

27. LOLFC is also entitled to recover all of its attorney fees, costs and disbursements.

**COUNT II**
**CONVERSION**

LOLFC restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

28. LOLFC had and has a valid and enforceable security interest in the Collateral.

29. Borrowers are in default on their contractual obligations to LOLFC under the Line of Credit and related contracts and instruments.

30. Under the terms of the Commercial Security Agreements, and under the law, LOLFC had and has the right to immediate possession of the Collateral.

31. Upon information and belief, without LOLFC's knowledge or consent, Borrowers wrongfully transferred and/or sold cattle included in the Collateral to Defendants Dwight G. Mebane and Manning's Beef, LLC ("Manning's Beef").

32. Defendant Douglas D. Mikelson helps Borrowers raise and manage cattle. Upon information and belief, Defendant Douglas D. Mikelson assisted Borrowers in transferring and/or selling cattle included in the Collateral to Defendant Dwight G. Mebane and Manning's Beef. At all pertinent times, Defendant Douglas D. Mikelson was aware of LOLFC's security interest in the Collateral.

33. Defendant Dwight G. Mebane currently has possession and/or control over approximately 230 head of cattle included in the Collateral, which are located on certain property in Pixley, California. Mr. Mebane has refused to allow LOLFC to recover possession of these cattle and is acting with the intent to permanently deprive LOLFC of the cattle.

34. On February 21, 2019, LOLFC sent Manning's Beef a written notice by certified mail notifying Manning's Beef of its security interest in any cattle sold by Borrowers. LOLFC's notice further directed Manning's Beef to include LOLFC as a payee on all checks issued for the purchase of any cattle from Borrowers.

35. In response to LOLFC's notice, Manning's Beef repeatedly promised to send all proceeds from its purchase of any cattle from Borrowers to LOLFC.

36. Despite LOLFC's notice and Manning's Beef's repeated promises, Manning's Beef has failed to turn over all proceeds from its purchase of cattle included in the Collateral.

37. Borrowers have also wrongfully retained proceeds from the sale of cattle included in the Collateral.

38. The actions or Borrowers and Douglas D. Mikelson in transferring and/or selling cattle included in the Collateral and retaining proceeds from the sale of such cattle without LOLFC's knowledge, authorization or consent constitute conversion.

39. The actions of Borrowers and Manning's Beef in transferring and selling cattle included in the Collateral to Manning's Beef and retaining the proceeds from the sale of such cattle without LOLFC's knowledge, authorization or consent constitute conversion.

40. The actions of Borrowers and Dwight G Mebane in transferring and/or selling cattle included in the Collateral to Dwight G. Mebane without LOLFC's knowledge, authorization or consent and failing and refusing to turn such cattle over to LOLFC constitutes conversion.

41. LOLFC is entitled to recover damages from Defendants in an amount equal to the fair market value of the converted Collateral at the time and place of conversion with interest from the time of conversion.

42. LOLFC is also entitled to recover all of its attorney fees, costs and disbursements.

**COUNT III**
**AIDING AND ABETTING CONVERSION AND CONSPIRACY TO COMMIT CONVERSION**

LOLFC restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

43. Borrowers and Douglas D. Mikelson, Dwight G. Mebane and Manning's Beef colluded and conspired together to convert cattle included in the Collateral and/or proceeds from the sale of such cattle.

44. Borrowers and other currently unknown persons and/or business entities have also colluded and conspired together to convert cattle included in the Collateral and/or proceeds from the sale of such cattle.

45. Douglas D. Mikelson, Dwight G. Mebane and Manning's Beef aided, abetted and assisted Borrowers in converting cattle included in the Collateral and/or proceeds from the sale of such cattle.

46. Other currently unknown persons and/or business entities aided, abetted and assisted Borrowers in converting cattle included in the Collateral and/or proceeds from the sale of such cattle.

47. Borrowers and Douglas D. Mikelson, Dwight G. Mebane, Manning's Beef and other currently unknown persons and/or business entities who or which conspired with and/or aided, abetted or assisted Borrowers in converting any cattle included in the Collateral and/or proceeds from the sale of such cattle are jointly and severally liable to LOLFC for the fair market value of the converted Collateral at the time and place of conversion with interest from the time of conversion.

**COUNT IV**
**REPLEVIN**

LOLFC restates all of the foregoing paragraphs of this Complaint and further states and alleges as follows:

48. LOLFC had and has a valid and enforceable security interest in the Collateral.

49. Borrowers are in default on their contractual obligations to LOLFC under the Line of Credit and related contracts and instruments.

50. Under the terms of the Commercial Security Agreement, and under the law, LOLFC had and has the right to immediate possession of the Collateral.

51. Borrowers and Douglas D. Mikelson, Dwight G. Mebane, Manning's Beef and other currently unknown persons and/or business entities are wrongfully detaining the Collateral.

52. LOLFC is entitled to an Order authorizing and directing the United States Marshal to seize and turn over to LOLFC all of the Collateral pursuant to Sections 9-601 and 9-609 of the Uniform Commercial Code and Idaho Code § 8-301, *et seq*.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution, LOLFC hereby demands a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, LOLFC respectfully prays for this Court's judgment as follows:

1. Awarding LOLFC damages against Borrowers, jointly and severally, in the amount of $1,038,852.58, plus additional interest in the amount of $195.25 per day from April 8, 2019, through the date of entry of judgment;

2. Awarding LOLFC damages against Borrowers and Douglas D. Mikelson, Dwight G. Mebane, Manning's Beef and other any persons or business entities who or which conspired with and/or aided, abetted or assisted Borrowers in converting any cattle included in the Collateral and/or any proceeds from the sale of such cattle, jointly and severally, in an amount equal to the fair market value of the converted Collateral at the time and place of conversion with interest from the time of conversion;

3. Authorizing and directing the United States Marshal to seize and turn over to LOLFC all of the Collateral;

4. Awarding LOLFC prejudgment interest;

5. Awarding LOLFC all of its attorney fees, costs and disbursements; and

6. Granting LOLFC all such other and further relief as the Court deems just and equitable under the circumstances.

DATED: April 10, 2019.

STOEL RIVES LLP

/s/ Nicole C. Hancock

Nicole C. Hancock

Attorneys for Plaintiff